UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> - against - <br><br> ADOLFO VILLALONA, <br><br> Defendants. | **ORDER** <br><br> 18 Cr. 661 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

On January 19, 2024, Defendant Adolfo Villalona moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Def. Br. (Dkt. No. 163) at 3)[1] The Government opposes Villalona's application. (Govt. Opp. (Dkt. No. 166) at 1)  For the reasons stated below, Villalona's motion will be denied.

## BACKGROUND

On March 16, 2021, Villalona pled guilty to conspiracy to distribute a kilogram and more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (see Indictment (Dkt. No. 34), Count One), and conspiracy to distribute and possess with intent to distribute 400 grams and more of fentanyl and a quantity of tramadol,[2] in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and 841(b)(2).  (Id., Count Two; Plea Tr. (Dkt. No. 145) at 21-22)

---

[1] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

[2] Tramadol is an opioid pain reliever.  Drug Enf't Admin., Tramadol (Apr. 2025), https://www.deadiversion.usdoj.gov/drug_chem_info/tramadol.pdf.  According to Villalona's Pre-Sentence Report ("PSR"), "tramadol is commonly mixed with fentanyl to be used as a 'cutting agent,' to dilute the fentanyl, thereby expanding the amount of product that can be resold." (PSR (Dkt. No. 147) ¶ 22)

On December 10, 2021, this Court sentenced Villalona to six years' imprisonment and five years' supervised release. (Sentencing Tr. (Dkt. No. 158) at 16)

When Villalona filed the instant motion, he was detained at FCI Loretto, in Loretto, Pennsylvania. (Def. Br. (Dkt. No. 163) at 2) He is currently detained at Allenwood Low FCI, in Allenwood, Pennsylvania. Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 21, 2025). His projected release date is June 4, 2026. Id.

According to Villalona, on September 21, 2023, he sent a request for a sentence reduction to the warden at FCI Loretto. In his application, Villalona argued that he was entitled to a sentence reduction based on "the Covid-19 pandemic[,] [his] positive institutional adjustment and rehabilitation, change in the law, prison conditions, and family issues." (Def. Br. (Dkt. No. 163) at 5-6)

On January 19, 2024, Villalona moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Def. Br. (Dkt. No. 163) at 3) In his motion, Villalona states that "he has not received a response to his administrative request [for a sentence reduction]." (Id. at 6)

In a February 2, 2024 letter, the Government states that it opposes Villalona's request for a sentence reduction. (Govt. Opp. (Dkt. No. 166) at 1) Villalona filed a reply on April 19, 2024, in further support of his motion. (Def. Reply (Dkt. No. 170) at 1)

## DISCUSSION

I. **LEGAL STANDARD**

18 U.S.C. § 3582(c)(1)(A)(i) provides that a court may,

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant[,] . . . reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the

2

factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

A defendant seeking a sentence reduction under this statute must "fully exhaust[ ] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or "30 days [must have passed] from the receipt of such a request by the warden of the defendant's facility." Id.

Where a defendant has exhausted his administrative remedies, a court considering an application for a sentence reduction must (1) determine whether there are "extraordinary and compelling reasons [that] warrant . . . a [sentence] reduction,"; and (2) weigh the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). In granting any sentence reduction, a court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" Id.

U.S.S.G. § 1B1.13(b) sets forth the Sentencing Commission's policy statements regarding "extraordinary and compelling reasons" warranting a sentence reduction. Section 1B1.13(b) provides that such "reasons exist" in a wide variety of settings, including where a defendant suffers from a terminal illness; suffers from a condition that "substantially diminishes the ability of the defendant to provide self-care"; is at an "increased risk of suffering severe medical complications or death as a result of exposure to [an] ongoing outbreak of infectious disease" or an "ongoing public health emergency"; is 65 years old, has suffered "a serious deterioration in physical or mental health" and "has served at least 10 years or 75 percent of his or her term of imprisonment"; has a spouse or parent that has become incapacitated and the defendant is the "only available caregiver"; was the victim of sexual abuse or physical abuse resulting in "serious bodily injury," and the abuse was committed by or directed by a Bureau of

3

Prisons employee or someone else who had "custody or control over the defendant"; or "received an unusually long sentence and has served at least 10 years of the term of imprisonment," and a change in the law has been enacted that would result in a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(1)-(4), (6).

U.S.S.G. § 1B1.13(b)(5) provides that "extraordinary and compelling reasons" also exist where "[t]he defendant presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) [terminal illness or serious medical condition, advanced age, extraordinary family circumstances, abuse while in custody] are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

"The defendant bears the burden of proving he is entitled to [a sentence reduction]." United States v. Corbett, No. 10 Cr. 184(PAE) 2023 WL 8073638, at *2 (S.D.N.Y. Nov. 21, 2023) (citing United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992)).

## II.  ANALYSIS

The Government does not dispute that Villalona has exhausted his administrative remedies. Accordingly, the Court turns to the merits of his application.

### A.  "Extraordinary and Compelling Reasons"

Villalona contends that the "extraordinary and compelling reasons" justifying a sentence reduction are the health of his children and mother, the severity of his sentence, and the impact of his immigration status and COVID-19 on the conditions of his confinement. (See Def. Br. (Dkt. No. 163) at 13-21) The Government responds that Villalona's circumstances are not sufficiently "extraordinary and compelling" to justify a sentence reduction. (Govt. Opp. (Dkt. No. 166) at 5-7)

4

As to his family's health issues, Villalona asserts that his minor children suffer from "significant developmental delays and reactive airway disease . . . [that] is severe enough that both are considered at high risk" of unspecified "exacerbations." (Def. Br. (Dkt. No. 163) at 14) Villalona's wife serves as the "primary caregiver and breadwinner for the two children," however, and there is no claim that she is incapacitated. (Id.) Accordingly, the circumstances cited by Defendant fall outside those set forth in U.S.S.G. § 1B1.13(b)(3)(A), which refer to the "death or incapacitation of the caregiver of the defendant's minor child[.]" Moreover, "[f]amilies of incarcerated individuals often face significant consequences based on a defendant's conviction and sentence. . . . [But this] does not constitute an extraordinary reason to reduce [a] defendant's sentence." United States v. Sandford, 635 F. Supp. 3d 226, 228 (W.D.N.Y. 2022), aff'd, No. 22-2904, 2024 WL 2350316 (2d Cir. May 23, 2024) (summary order). Because Villalona's wife is caring for their children, their condition does not justify a sentence reduction. See, e.g., United States v. Veliu, No. 17-CR-404-1 (KAM), 2022 WL 2484240, at *5 (E.D.N.Y. July 6, 2022) (finding no extraordinary and compelling circumstances where the defendant's wife – who had undergone cancer surgery – "remain[s] capable of acting as his son's caretaker[]").

As to Villalona's mother, he asserts that she needs assistance with "tasks" due to her declining health. (Def. Br. (Dkt. No. 163) at 15) Villalona does not specify the tasks that his mother needs assistance with, however, and there is no claim that either the Defendant's mother or his father is incapacitated. (Id.) Given these circumstances, Villalona does not satisfy the Sentencing Guidelines policy statement referring to the "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C); see also United States v. Wang, No. 11 CR. 730 (PGG), 2022 WL 2668252, at *4 (S.D.N.Y. July 11, 2022) (holding that a defendant seeking a sentence reduction under Section

5

3582(c)(1)(A) due to an allegedly ailing parent must provide evidence the parent is both incapacitated and without an alternative caretaker), aff'd, No. 22-1821, 2024 WL 1406640 (2d Cir. Apr. 2, 2024) (summary order). In sum, Villalona has not demonstrated that his family circumstances are sufficiently extraordinary and compelling to justify a sentence reduction.

Villalona also argues that the length of his sentence – six years' imprisonment – is an extraordinary and compelling reason justifying a sentence reduction. (Def. Br. (Dkt. No. 163) at 17) According to Villalona, "if sentenced today, because of Amendment 821[,] [his] offense guideline level would be two levels less than it was determined to be at sentencing,"[3] and his "custodial term of incarceration would be 51-months . . . ." (Id. at 17-18)

As an initial matter, the Guidelines range for Villalona's offenses was 108-135 months' imprisonment. (PSR (Dkt. No. 147) at 26; Sent. Tr. (Dkt. No. 158) at 14, 16) Accordingly, in imposing a six-year sentence, the Court granted Villalona a substantial variance. Moreover, Villalona would not qualify for a two-level reduction if sentenced today, because he has a 2017 conviction for DWI, which results in one criminal history point. (PSR (Dkt. No. 147) ¶ 50; Sent. Tr. (Dkt. No. 158) at 4) Because Villalona does not have zero criminal history points, he is not eligible for the two-level reduction under U.S.S.G. § 4C1.1(a)(1). For all these reasons, Villalona has not shown that he received "an unusually long sentence for [his] offense[s]. Nor has he identified any change in law that produced a gross disparity between the sentence he is serving and a sentence for this offense that would likely be imposed today." United States v. Frias, No. 01-CR-307-3 (DLC), 2024 WL 5155128, at *1 (S.D.N.Y. Dec. 18,

---

[3] Amendment 821 to the Sentencing Guidelines – which became effective on November 1, 2023, and which applies retroactively – provides that a two-level reduction in offense level is appropriate for defendants who satisfy the criteria set forth in U.S.S.G. § 4C1.1(a), including that the defendant has no criminal history points. Id. § 4C1.1(a)(1).

6

2024) Accordingly, the sentence the Court imposed does not constitute an "extraordinary and compelling reason" justifying a sentence reduction.

Finally, Villalona argues that his immigration status and the COVID-19 pandemic have impacted his conditions of his confinement such that he is entitled to a sentence reduction. (See Def. Br. (Dkt. No. 163) at 15-17, 19-21) As a result of his immigration status, Villalona is "not permitted to take advantage of certain [Bureau of Prisons] programs . . . that would otherwise be available[,] . . . [he is unlikely to receive] time off of his sentence for the successful completion of education and/or rehabilitative programming[,]" and he will not "receive the benefit of residential re-entry placement." (Id. at 15-16) Villalona also complains that he has been designated to Bureau of Prisons institutions "without regard or consideration as to their custody level or [his] family location." (Id. at 16) Finally, Villalona states that he "has spent his incarceration under the restrictions purportedly implemented to restrict the transmission of Covid-19 . . . [and therefore, he has] had a harder custodial experience than others who were released prior to or during the pandemic." (Id. at 19, 21)

As discussed above, U.S.S.G. § 1B1.13(b)(5) provides that "extraordinary and compelling reasons" justifying a sentence reduction exist where "[t]he defendant presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) [terminal illness or serious medical condition, advanced age, extraordinary family circumstances, abuse while in custody] are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

The Court concludes that the impact of Villalona's immigration status and the changes necessitated by the COVID-19 pandemic are not "similar in gravity" to the

7

circumstances articulated in U.S.S.G. § 1B1.13(b)(1)-(4). See United States v. Anuebunwa, No. 1:16-CR-575-MKV, 2025 WL 1224675, at *1-2 (S.D.N.Y. Apr. 28, 2025) (denying sentence reduction motion where defendant argued that his immigration status prevented him from seeking early release under the First Step Act); see also United States v. Stewart, No. 20-CR-83 (CS), 2024 WL 5046927, at *2 (S.D.N.Y. Dec. 9, 2024) (denying sentence reduction motion premised on COVID-19-related restrictions affecting the defendant's conditions of confinement because "[s]uch universal conditions do not give rise to extraordinary and compelling circumstances").

In sum, the circumstances proffered by Villalona are not sufficiently extraordinary and compelling so as to justify a sentence reduction.

B.   **Section 3553(a) Factors**

The Section 3553(a) factors likewise do not justify a sentence reduction.

Villalona argues that the Section 3553(a) factors weigh in favor of a sentence reduction because his "PATTERN Score"[4] "is low for recidivism and violence," and he has engaged in "numerous self-improvement classes" while incarcerated. (Def. Br. (Dkt. No. 163) at 22)  The Government responds that given "the seriousness of the defendant's offense[s]," the importance of promoting respect for the law, providing for just punishment, and ensuring effective deterrence, the Section 3553(a) factors weigh against a sentence reduction.  (Govt. Opp. (Dkt. No. 166) at 7-8)

---

[4] "PATTERN is an acronym for 'Prisoner Assessment Tool Targeting Estimated Risk and Needs.'  The United States Department of Justice created PATTERN on July 19, 2019 in compliance with the First Step Act of 2018[.]" Rosales v. Petrucci, No. 20-CV-2136 (CS), 2021 WL 5449701, at *1 n.1 (S.D.N.Y. Nov. 22, 2021) (citing United States v. Burman, No. 16-CR-190, 2021 WL 681401, at *5 n.3 (S.D.N.Y. Feb. 21, 2021)).

8

At sentencing, this Court carefully considered the Section 3553(a) factors. (Sent. Tr. (Dkt. No. 158) at 11-14) With respect to the nature and circumstances of the Defendants' offenses, this Court found that "Mr. Villalona trafficked in a massive quantity of drugs, very dangerous drugs, approximately 11 1/2 kilograms of heroin, 18 kilograms of fentanyl, six kilograms of tramadol, which is a substance commonly used to dilute fentanyl." (Id. at 11) As to Villalona's personal history and characteristics, this Court noted that,

> [u]nlike countless others who engage in drug trafficking, Mr. Villalona had a lot of other options. He came from a decent, hard-working family that owned a restaurant and a gas station. He learned the virtues of hard work from his parents. He himself succeeded in obtaining his electrician's license and in gaining entry to the electricians' union. There was no need for him to be trafficking in drugs. He did not become a drug dealer by necessity. He chose this profession and he chose to traffic in very large quantities of dangerous drugs, drugs that kill people.

(Id. at 15-16)

As noted above, the Guidelines called for a sentence of 108 to 135 months' imprisonment. (Id. at 14) In recognition of positive aspects in Defendant's background, however – including his lack of a significant criminal record – the Court granted a variance down to six years. (Id. at 14, 16)

Acknowledging Villalona's representation that he has a PATTERN Score "which is low for both recidivism and violence" (Def. Br. (Dkt. No. 163) at 22), that he "has taken numerous self-improvement classes," and "completed the [Bureau of Prisons'] non-residential drug treatment program" (id.), his record while imprisoned – while commendable – does not change or excuse the fact that he distributed huge quantities of life-threatening drugs. The Court accounted for the positive aspects in Villalona's background in granting him a variance down to six years' imprisonment. (Sent. Tr. (Dkt. No. 158) at 12-14) The Defendant's record while incarcerated does not justify a further sentence reduction.

## **CONCLUSION**

For the reasons stated above, Defendant Villalona's motion for a sentence reduction (Dkt. No. 163) is denied. The Clerk of Court is directed to mail a copy of this order to Defendant Villalona.

Dated: New York, New York  
       July 21, 2025

SO ORDERED.

_____  
Paul G. Gardephe  
United States District Judge